Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2676 | **DATE** | 10/6/2000 |
| **CASE TITLE** | Thomas R. Marciniak vs. Illinois Dept. of Public Aid. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to dismiss the complaint with prejudice is granted.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | OCT 10 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| ✓ | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 OCT -6 PM 4:27 | date mailed notice | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



THOMAS R. MARCINIAK,

        Plaintiff,

v.

ILLINOIS DEPARTMENT OF PUBLIC
AID; ILLINOIS BUREAU OF
ASSISTANCE HEARINGS,

        Defendants.

Case No. 00 C 2676

Judge Harry D. Leinenweber



## MEMORANDUM OPINION AND ORDER

### BACKGROUND

The plaintiff is an Illinois resident. The named defendants are the Illinois Department of Public Aid and the Illinois Bureau of Assistance Hearings. The court has previously ruled on some counts of this complaint in response to plaintiff's motions to proceed *in forma pauperis* and for appointment of counsel. According to the 35-page, handwritten complaint, which as the court previously stated, is difficult to decipher, plaintiff is alleging employment discrimination on the basis of race, sex, and disability. Apparently plaintiff was participating in a jobs program, allegedly run by the Department of Public Aid. On May 10, 1998, plaintiff quit his job "according to statutorily protected expression," which the complaint later describes as "out of concern for his family." On May 23, 1998, the defendant refused to re-

18

enter him in the employment program and apparently cut certain subsistence benefits he was receiving. On May 30, 1998, plaintiff filed an appeal seeking to be restored to the job program and to obtain the subsistence benefits. The proceeding apparently, not only did not give plaintiff the relief he was seeking, but found him to have received an overpayment which was subsequently taken out of his account. At what was apparently a rehearing, he claims that he did not have any input.

## **DISCUSSION**

Based on the foregoing plaintiff claimed causes of action for disparate treatment, intentional infliction of emotional distress, retaliatory discharge, Fourteenth Amendment violations, and Public Accommodation violations under Illinois law. He also sought to bring actions on behalf of his common law wife and children who were also denied benefits under separate programs. He also filed a host of criminal violations and official misconduct. The court previously dismissed the counts brought on behalf of his common law wife and children as well as the counts charging criminal violations and official misconduct. *See Ruling* dated May 18, 2000.

The defendants have now brought a motion to dismiss the remaining counts basically pursuant to state immunity provided by the Eleventh Amendment. The defendants point out that the Department of Public Aid is a state agency and the Illinois Bureau of Assistance is a part of the Department of Human Services. The

plaintiff responds by arguing correctly that actions brought pursuant to Title VII have been held by the Supreme Court to be based on Congress' enforcement powers granted it under the Fourteenth Amendment which, coming after the Eleventh Amendment, supercedes its proscription against actions against the state. *See, Fitzpartick v. Bitzer*, 427 U.S. 445 (1976). While it is doubtful that the State of Illinois is an "employment agency" within the meaning of Title VII as alleged by plaintiff, and plaintiff fails to allege any basis for race, age, or disability discrimination, we do not need to reach these questions because, in order to be able to bring a Title VII complaint, a claimant must first file a claim with either the United States Equal Employment Opportunity Commission or the Illinois Department of Human Rights. 42 U.S.C. § 2000E(e). Plaintiff's complaint affirmatively alleges that he did not file with either agency. Consequently any claim based on Title VII must be dismissed.

Plaintiff's response to defendants' motion to dismiss indicates that he may have been intending to bring a Section 1983 action (42 U.S.C. § 1983) for denial of due process based on the denial of benefits allegedly due him, in addition to his claims under Title VII. While the court would presumably have jurisdiction to hear such a claim, nevertheless Illinois has established an elaborate appeals procedure for denial of such benefits which culminates in the right of judicial review. *See* 305

ILCS §§ 5/11-8 through 5/11-8.7. While the complaint does allege that plaintiff may not have been given a full, fair hearing by the defendants, nevertheless the complaint fails to allege that administrative review or judicial review was denied or even pursued or requested by plaintiff. It is sufficient to satisfy due process for a state to provide adequate state remedies for any real or perceived violation of a citizen's rights. *Parratt v. Taylor*, 101 S.Ct. 1908, 1917 (1981). Illinois has done so.

All other claims seek recovery pursuant to state law and are foreclosed by the Eleventh Amendment. *Ford Motor Company v. Department of Treasury*, 65 S. Ct. 347, 350 (1945). Plaintiff argues that the court can consider these claims under the court's pendant jurisdiction. However, the Eleventh Amendment bars any claim against a state brought in federal court under pendant jurisdiction. *Pennhurst State School & Hospital v. Halderman*, 104 S.Ct. 900, 919 (1984).

Plaintiff has also made claims under 42 U.S.C. § 1985, a federal statute prohibiting conspiracies to deny a person equal protection of the laws, and § 1986, which provides a cause of action against any person who has knowledge of a violation of 1985 and has the power to prevent it. However, plaintiff has not alleged an equal protection violation, and Section 1985 does not cover conspiracies to violate due process, which as we have seen plaintiff has also failed to allege. Moreover, in order to

- 4 -

constitute a conspiracy, two or more persons must agree to injure the plaintiff. Here plaintiff has only alleged a state department and the state cannot conspire with itself. And acts of an agent of the state are the acts of the state. *Hillard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994).

Finally, defendants point out that plaintiff has sued the wrong state entity, because the Department of Human Services administers the state's Employment, Training and Jobs program. *See* 305 ILCS § 5/2-12. Plaintiff apparently agrees and asks leave to amend. However leave to amend is to be denied where the amendment would yield the same result. *Shashoua v. Quern*, 612 F.2d 282, 285 (7th Cir. 1979).

### CONCLUSION

Accordingly, the motion of the defendants to dismiss the complaint with prejudice is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: October 6, 2000